**SO ORDERED.**
**SIGNED this 17th day of August, 2026**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

**Suzanne H. Bauknight**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

---

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE**
**EASTERN DISTRICT OF TENNESSEE**

In re

ANTHONY STUART HEARN

Debtor

Case No. 3:25-bk-32231-SHB
Chapter 7

ANTHONY S. HEARN

Plaintiff

v.

Adv. Proc. No. 3:26-ap-03011-SHB

UNITED STATES DEPARTMENT OF EDUCATION, a subdivision of the United States of America, NELNET SERVICING, LLC, an official Student Loan Servicer of the US DOE; AMERICAN EDUCATION SERVICES, an official Student Loan Servicer of US DOE; and the UNITED STATES SMALL BUSINESS ADMINISTRATION

Defendants

**MEMORANDUM AND ORDER ON MOTION TO DISMISS AND MOTION**
**FOR MORE DEFINITE STATEMENT FILED BY THE UNITED STATES**

Plaintiff, *pro se*, filed Debtor's Complaint Seeking Discharge of Student Loans ("Complaint") on March 23, 2026, requesting a declaratory judgment that (1) his student loan

debt is dischargeable under 11 U.S.C. § 523(a)(8) and (2) any debt owed by him in connection with an Economic Injury Disaster Loan ("EIDL") from the United States Small Business Administration ("SBA") to the entity Anthony S. Hearn, PA is dischargeable in his bankruptcy case. [Doc. 1]. The Complaint spans seventy-three pages, includes 325 paragraphs, and incorporates twenty-seven exhibits totaling 221 pages. [*Id.*]

The United States of America timely filed its Motion to Dismiss and Motion for More Definite Statement with a supporting brief on April 13, 2026 ("Motion") [Docs. 5, 7]. The Motion seeks dismissal under Federal Rule of Civil Procedure 12(b)(6)[1] of Plaintiff's claim against the SBA because the SBA has not objected to Plaintiff's discharge, the time for any such objection has run, and any personal debt of Plaintiff owed to the SBA will be discharged when the Chapter 7 discharge order is entered in Plaintiff's bankruptcy case. [Doc. 7 at 3.] Citing to Rule 12(e), the United States also asks the Court to require Plaintiff to amend his Complaint to state only the allegations relevant to Plaintiff's student loans and his claim under § 523(a)(8). [*Id.* at 2.] The United States argues on behalf of the Department of Education ("DOE") that it cannot prepare a response because the Complaint is vague and/or ambiguous. [*Id.*] Plaintiff timely filed his Response in opposition to the Motion on May 1, 2026. [Doc. 26.] The Motion will be granted in part and denied in part.

## I. ANALYSIS

### A. Motion to Dismiss the Claim Against the SBA

The United States seeks dismissal of the Complaint as it relates to the SBA because the claim is effectively moot. [Doc. 7 at 3.] Plaintiff responds that because the SBA will not provide him with "a stipulation . . . that it possesses no claims against the Debtor/Plaintiff arising from or

---

[1] Rule 12 applies to adversary proceedings under Federal Rule of Bankruptcy Procedure 7012.

related to the subject loan," and he asserts that the SBA "believes that it has a claim against the Debtor/Plaintiff arising from the loan guaranty language – or other theory – and its mootness argument is a pretextual effort to preserve that claim through these proceedings." [Doc. 26 at 11.] Because any debt owed by Plaintiff individually to the SBA will be discharged once Plaintiff completes the statutory requirements for entry of discharge and because the SBA is barred from seeking a determination that any such debt is nondischargeable under § 523(c) and from objecting to Debtor's discharge under § 727, Plaintiff's claim relating to the SBA is moot and must be dismissed.

Federal Rule of Civil Procedure 12(b)(6) requires dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). When deciding whether to dismiss under Rule 12(b)(6), the Court must "constru[e] the complaint in the light most favorable to the plaintiff and accept[] all factual allegations as true." *Conlon v. InterVarsity Christian Fellowship*, 777 F.3d 829, 832 (6th Cir. 2015). The Court also must "take care to reach the complaint's allegations 'as a whole.'" *Sturgill v. Am. Red Cross,* 114 F.4th 803, 807 (6th Cir. 2024) (quoting *Matrixx Initiatives, Inc. v. Siracusano,* 563 U.S. 27, 47 (2011)). Review under Rule 12(b)(6) also ordinarily includes review of "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008); *see also* Fed. R. Civ. P. 10(c)[2] ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

---

[2] Rule 10 applies in applicable in adversary proceedings under Federal Rule of Bankruptcy Procedure 7010.

Regardless of the allegations of a complaint, because "[f]ederal courts are courts of limited jurisdiction and may decide only 'cases' or 'controversies,'" they "do not have the power to adjudicate disputes that are moot." *Gelov v. DuMouchelle* (*In re DuMouchelle*), 655 B.R. 125, 129 (Bankr. E.D. Mich. 2023) (citing U.S. Const., Art. III, § 2) (quoting *Taleb v. Miller, Canfield, Paddoc & Stone, P.L.C.* (*In re Kramer*), 71 F.4th 428, 438 (6th Cir. 2023)). Courts must "ask whether it would make a difference to the legal interests of the parties" if the relief sought is granted. *In re Kramer*, 71 F.4th at 438 (citation modified). If a ruling from the court "would not affect the legal interests of the parties, an issue is constitutionally moot. . . . And when an issue is constitutionally moot," the court does not "have jurisdiction to consider it." *Id.*

In Count II of his Complaint, Plaintiff seeks a declaratory judgment that he is not individually liable to the SBA for an EIDL in the amount of $132,000.00 that he obtained on behalf of Anthony S. Hearn, PA in June 2020. [Doc. 1 at ¶¶ 98-99, 316-321, 324.] Specifically, he requests in the Complaint a declaratory judgment that he "is not liable, individually, for the EIDL loans, that those loans vis a vis Debtor are dischargeable, and that any amounts due and owing to US SBE [*sic*] by Anthony S. Hearn, PA are set to be discharged as against the Debtor, individually, pursuant to these Chapter 7 liquidation proceedings." [*Id.* at ¶ 321.][3]
Simply, Plaintiff's request does not present this Court with a live case or controversy as it concerns the SBA because the Court does not retain the ability to provide any form of

[3] In his Response to the Dismissal Motion, Plaintiff stated that he seeks the following declaration from the Court:

> [T]o the extent any of the writings between US SBA and Debtor [in his capacity as President of Anthony S. Hearn, P.A.] memorializing the terms of EIDL loan from SBA to Debtor [or Anthony S. Hearn, P.A.] create any liability in any form for the Debtor, individually, (e.g., beyond the entity Anthony S. Hearn, P.A.), that those instruments are [sic] do not survive the discharge in this Chapter 7 proceeding, any debts attributable to the Debtor, in his individual capacity, by operation of the instruments are dischargeable and due to be discharged in these proceedings.

[Doc. 26 at 15 (alterations in original).]

*meaningful* relief. *In re Hull Org., LLC*, No. 23-32983, 2026 WL 2085776, at *9 (Bankr. W.D. Ky. July 17, 2026).

In a Chapter 7 case, under 11 U.S.C. § 727(a), the Court must grant a discharge of any prepetition debt owed by the debtor unless the Court finds that one of the twelve bases for denying discharge exists or unless the debt is excepted for one of the twenty enumerated exceptions found at 11 U.S.C. § 523(a). Under Federal Rule of Bankruptcy Procedure 7001(d) and (f), respectively, an adversary proceeding is required for a creditor to object to entry of the discharge or to seek a determination of dischargeability. *See also* 11 U.S.C. § 523(c) (providing that "the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed . . . the court determines such debt to be excepted from discharge"). Under Federal Rules of Bankruptcy Procedure 4004(a) and 4007(c), creditors with notice of the bankruptcy case generally have only sixty days after the first date set for the meeting of creditors[4] to object to a Chapter 7 discharge or request a determination of the dischargeability of a particular debt. *See Nardei v. Maughan* (*In re Maughan*), 340 F.3d 337, 344 (6th Cir. 2003) (finding that Rule 4007(c) is a statute of limitation).

Here, Plaintiff filed his Chapter 7 petition on November 24, 2025, and the deadline for filing an adversary proceeding objecting to discharge and requesting a determination of dischargeability was March 2, 2026. [Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline, Bankr. Case No. 3:25-bk-32231-SHB, ECF No. 10 (Nov. 25, 2025).] Because the SBA did not file an adversary proceeding before March 2, 2026, either objecting to Plaintiff's discharge or requesting the Court to determine that the EIDL is nondischargeable as to Plaintiff

[4] *See* 11 U.S.C. § 341.

(as would be required under § 523(c)), the SBA no longer has that option, and any prepetition claim that it might have asserted against Plaintiff individually will be discharged through the ordinary Chapter 7 process.

Although the SBA's deadline for filing such an adversary proceeding expired on March 2, 2026, Plaintiff argues that there is a concrete issue before the Court because he has not received his discharge so that the EIDL loan has not yet been discharged. [Doc. 26 at 11-15.] Plaintiff's discharge has not been entered, however, *solely* because he has not complied with § 727(a)(11) by filing a certification that he has taken the personal financial management course required by 11 U.S.C. § 111. *See* Fed. R. Bankr. P. 1007(b)(7). Plaintiff was notified by the Clerk of the requirement on February 7, 2026. [Notice of Requirement to File a Certificate of Completion of Course in Personal Financial Management ("Notice"), Bankr. Case No. 3:25-bk-32231-SHB, ECF No. 55.[5]] Plaintiff – alone – is the obstacle to discharge of the potential SBA debt. Thus, Plaintiff is incorrect in his understanding that any SBA claim against him individually will survive his Chapter 7 bankruptcy case. Once Plaintiff does what the Code and Rules require, the discharge order will be entered and the discharge injunction will be imposed by 11 U.S.C. § 524(a) to prohibit the SBA (and other creditors whose claims will be discharged) from attempting to recover discharged prepetition debt obligations from Plaintiff.

**B. Motion for More Definite Statement as to Claims Against DOE**

The United States' request for a more definite statement, however, will be denied. In support of its request for a more definite statement under Rule 12(e), the government argues that "Plaintiff's Complaint contains allegations so unrelated to his student loan obligations as to make

[5] The Notice is dated February 8, 2026, and while it indicates that it was "filed" on February 7, 2026, it was docketed on February 8, 2026. [Notice, Bankr. No. 3:25-bk-32231-SHB, ECF No. 55.] The BNC Certificate of Notice reflects that the Notice was emailed to Plaintiff (because of his DeBN election) on February 9, 2026, at 19:59:00. [Certificate of Notice, Bankr. No. 3:25-bk-32231-SHB, ECF No. 56.]

his Complaint unintelligible" and asks that Plaintiff be required to amend the Complaint to include "only the allegations relevant to [his] student loans[.]" [Doc. 7 at 2.] Plaintiff argues that the Motion should be denied, asserting that the Motion is subterfuge to strike key facts from his Complaint under Federal Rule of Civil Procedure 12(f).[6] [Doc. 26 at 6-7.]

Rule 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The motion must "point out the defects complained of and the details desired." *Id*. Rule 12(e) motions, however, "are disfavored and rarely granted" unless "the complaint is 'so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Superior Walls of E. Tenn. v. Shulman* (*In re Superior Walls of E. Tenn., Inc*.), Adv. No. 12-1093, 2013 WL 1092125, at *3 (Bankr. E.D. Tenn. Jan. 22, 2013) (quoting *Equal Emp. Opportunity Comm'n v. FPM Grp., Ltd*., 657 F. Supp. 2d 957, 966 (E.D. Tenn. 2009)); *see also Nashville Acupuncture Clinic, PLLC v. Holistic Billing Servs., LLC*, No. 3:23-cv-00572, 2023 WL 8851603, at *2 (M.D. Tenn. Dec. 21, 2023) ("Rule 12(e) motions are designed to strike at unintelligibility rather than simple want of detail and should not be used as a substitute for discovery." (citation modified)). Thus, "[a] more definite statement is only warranted in extreme circumstances where the complaint is unintelligible, not simply because a party seeks greater detail or finds the allegations in a pleading inherently contradictory." *Willis v. Phillips*, No. 1:18-cv-142, 2018 WL 5983562, at *2 (E.D. Tenn. Nov. 14, 2018).

---

[6] Rule 12(f) authorizes the Court to strike "any redundant, immaterial, impertinent, or scandalous matter" from any pleading. Fed. R. Civ. P. 12(f).

Under Federal Rule of Civil Procedure 8(a),[7] the form of a complaint is adequate if it contains "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

> The objective of Rule 8 was to make complaints simpler, rather than more expansive. Thus, the only permissible pleading in a federal district court is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds. This is to avoid situations wherein the pleading is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits. It is, therefore, axiomatic that complaints that are too long, circuitous, disorganized, confusing, or argumentative may be dismissed under Federal Rule of Civil Procedure 8. *See, e.g., Plymale v. Freeman*, No. 90-2202, 1991 WL 54882 (6th Cir. Apr. 12, 1991) (affirming dismissal for failure to comply with Rule 8(a)); *Morales v. New York*, 22 F. Supp. 3d 256, 266 (S.D.N.Y. 2014) (observing that "complaints that are argumentative, disjointed and needlessly ramble have routinely been dismissed. . . ."); *Smith v. City of Chattanooga*, No. 1:10-cv-206, 2010 WL 5257238, at *2 (E.D. Tenn. Dec. 17, 2010) (dismissing complaint that is "replete with so much irrelevant information that the Court is unable to determine the precise nature of [plaintiff's] claims"); *Schied v. Daughtrey*, No. 08-14944, 2008 WL 5422680, at *1 (E.D. Mich. Dec. 29, 2008) ("When faced with voluminous pleadings, 'neither the Court nor opposing counsel should be required to expend time and effort searching through large masses of conclusory, argumentative, evidentiary and other extraneous allegations in order to discover whether the essentials of claims asserted can be found in such a mélange.'"); *Barnard v. Beckstrom*, No. 07-cv-19-HRW, 2007 WL 1558525, at *3 (E.D. Ky. May 29, 2007) (finding complaint violated Rule 8 where it contained "circuitous diatribes far removed from the heart of the claim"); *Brown v. Knoxville News–Sentinel*, 41 F.R.D. 283, 283 (E.D. Tenn. 1966) (dismissing 117-page complaint because it was "so prolix, loosely drawn and involved as to be unintelligible").

*Kuot v. Corrections Corp. of Am.*, No. 1:16-cv-00006, 2018 WL 4051866, at *4 (M.D. Tenn. Aug. 24, 2018) (citation modified).

---

[7] Rule 8 applies in adversary proceedings under Federal Rule of Bankruptcy Procedure 7008.

Although Plaintiff's Complaint could not be described as containing "short and plain statement[s]," a review of the Complaint reveals that it complies with Federal Rule of Civil Procedure 10(b) and is "adequate notice [to the government] of the claims against [it] and the grounds upon which each claim rests" as required by Rule 8(a)(2).[8] *Loggins v. Costco Wholesale Corp.*, No. 2:22-cv-02026-TLP-tmp, 2022 WL 2161521, at *4 (W.D. Tenn. June 15, 2022) (citing *Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392-93 (6th Cir. 2020)). Student loan obligations are dischargeable only if the debtor can prove that repayment "would impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8). The Sixth Circuit has adopted the following test for a determination of undue hardship:

> "(1) that the debtor cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans."

*Oyler v. Educ. Credit Mgmt. Corp.* (*In re Oyler*), 397 F.3d 382, 385 (6th Cir. 2005) (quoting *Brunner v. N.Y. State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987)).

Although the Complaint is extraordinarily lengthy and will require the DOE to pay extra attention to follow Plaintiff's reasoning,[9] which is disjointed in places, the Court cannot conclude that it "is so vague or ambiguous that [DOE] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Plaintiff alleges the following facts concerning each of the elements, which the Court accepts as true for purposes of Rule 12(e) (and Rule 12(b)(6)). Specifically, at a minimum,

---

[8] The Court could exercise its discretion to require Plaintiff to provide a more definite statement under the authorities cited in *Kuot*, but the Court is concerned that any "more definite statement" provided by Plaintiff would be no more succinctly drafted than the Complaint.

[9] It is not unusual for defendants to answer a complaint by stating that they lack information sufficient to form a belief about some of the matters asserted. Indeed, Rule 8(b)(5) expressly provides that such a statement has the effect of a denial.

Plaintiff addresses the standard-of-living element in paragraphs 298 through 305, 308, and 309. He addresses the additional-circumstances element in paragraphs 12 through 17, 19 through 28, 75 through 78, 82 through 87, 143 through 154, 156, 164, 173 through 175, 214, 238 through 239, 293 through 298, 300, 305, and 308. Finally, he addresses the good faith repayment element in paragraphs 19, 238, 306, and 307. These paragraphs at least allow the DOE to reasonably discern the nature of Plaintiff's claims. Thus, Plaintiff's Complaint provides the DOE with adequate notice of Plaintiff's cause of action under 11 U.S.C. § 523(a)(8).[10] The request for a more definite statement must be denied.

**C. *Sua Sponte* Action Under Rule 12(f)**

As noted, Rule 12(f) authorizes the Court to strike "any redundant, immaterial, impertinent, or scandalous matter" from any pleading, and it may do so on its own motion or on motion of a party. Fed. R. Civ. P. 12(f). In paragraphs 286 through 288 and 290 of the Complaint, Plaintiff makes improper, disrespectful, impertinent, scandalous, and erroneous allegations (1) implying that this Court is part of the "embargo" detailed by Plaintiff in other portions of the Complaint and (2) criticizing the Court's requirement that Plaintiff be held to the same standards for following the Federal Rules and Local Rules as it does for all other litigants, whether *pro se* or represented by counsel.[11] Plaintiff also includes in paragraphs 291 and 292

---

[10] The Court notes, however, that Plaintiff holds the power to have his DOE student loans discharged by agreement without having to engage in protracted litigation involving discovery, likely dispositive motions, and a possible trial if he would simply cooperate with the government by providing information in the form sought by the United States:

> Plaintiff will need to provide to the undersigned Assistant United States Attorney a completed attestation (form attached as Exhibit 1). The United States, pursuant to the November 17, 2022, guidance between the Department of Education and Department of Justice, will likely seek a stay of the case (as it relates to Plaintiff's student loans only) in order to [administratively] adjudicate whether Plaintiff meets the requirements for discharge of his student loans.

[Doc. 7 at 2-3.]

[11] This Court routinely rejects and denies relief sought by *pro se* parties when they fail to follow the Federal Rules of Bankruptcy Procedure and/or the Local Rules of this Court. In this case, Plaintiff repeatedly has failed to comply with

wholly immaterial allegations concerning Plaintiff's "general concern" about the state and federal governments' enforcement of marijuana drug laws in Knoxville, Tennessee. [Doc. 1 at ¶¶ 291-92.] Because the allegations contained therein are "redundant, immaterial, impertinent, or scandalous," the Court, acting *sua sponte*, will strike paragraphs 286 through 288 and 290 through 292.

## II. ORDER

For the foregoing reasons, the Court directs the following:

1. To the extent it seeks a more definite statement on behalf of the Department of Education, the Motion to Dismiss and Motion for More Definite Statement filed by the United States on April 13, 2026 [Doc. 5], is DENIED.

2. To the extent it seeks dismissal on behalf of the Small Business Administration, the Motion to Dismiss and Motion for More Definite Statement filed by the United States on April 13, 2026 [Doc. 5], is GRANTED with prejudice. Pursuant to Federal Rule of Civil Procedure 58(a), made applicable by Federal Rule of Bankruptcy Procedure 7058, a separate judgment will enter to dismiss the Small Business Administration from this adversary proceeding.

---

requirements of the Federal and Local Rules, and his pushback against the Court's requirement that he comply has been a cause of delay in his case. Additionally, although Plaintiff is proceeding in this adversary proceeding and his underlying bankruptcy case *pro se*, as a licensed attorney, he is not entitled to the same liberality of other *pro se* litigants. *See, e.g, Keitel v. Webber* (*In re Keitel*), 852 F. App'x 463 (11th Cir. 2021). In *Keitel,* the bankruptcy court noted the following:

> Keitel was "not a typical *pro se* debtor"; rather he was an attorney with "significant litigation experience" who, during the course of the bankruptcy proceedings, was "suspended from the practice of law by The Florida Bar." Thus, the liberal construction and leeway normally afforded to *pro se* litigants [did] not apply to Keitel given his formal legal training and considerable litigation experience.

*Id.* at 464 n.1 (citation omitted). The Court also notes that although Plaintiff is acting *pro se* in this matter, as an attorney licensed in Tennessee, he remains bound by the Tennessee Rules of Professional Conduct, namely Rule 8.2(a), which provides that an attorney violates the rule by making statements that he "knows to be false or that [are] made with reckless disregard as to [their] truth or falsity concerning the qualifications or integrity of . . . a judge." Tenn. Sup. Ct. R. 8, RPC 8.2(a)(1).

3. Pursuant to Federal Rule of Bankruptcy Procedure 12(f), paragraphs 286 through 288 and 290 through 292 of the Complaint filed on March 23, 2026 [Doc. 1], are STRICKEN.

###