**SO ORDERED.**
**SIGNED this 18th day of August, 2026**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

**Suzanne H. Bauknight**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

---

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TENNESSEE**

In re

ANTHONY STUART HEARN

Debtor

Case No. 3:25-bk-32231-SHB
Chapter 7

ANTHONY S. HEARN

Plaintiff

v.

Adv. Proc. No. 3:26-ap-03011-SHB

UNITED STATES DEPARTMENT OF EDUCATION, a subdivision of the United States of America, NELNET SERVICING, LLC, an official Student Loan Servicer of the US DOE; AMERICAN EDUCATION SERVICES, an official Student Loan Servicer of US DOE; and the UNITED STATES SMALL BUSINESS ADMINISTRATION

Defendants

**MEMORANDUM AND ORDER**

Plaintiff, *pro se*, filed Debtor’s Complaint Seeking Discharge of Student Loans (“Complaint”) on March 23, 2026. [Doc. 1.] The docket of this adversary proceeding contains

numerous procedural motions, some of which will be addressed separately from this Memorandum and Order.[1] This decision concerns the following filings[2] that will be addressed here:

- Defendant AES's[3] Motion to Dismiss Debtor's Complaint, filed May 18, 2026 (with supporting brief) ("AES Dismissal Motion") [Docs. 41, 42];

- Debtor's First Amended Complaint, filed June 8, 2026 ("Amended Complaint") [Doc. 47];[4]

- United States' Motion to Strike Plaintiff/Debtor's First Amended Complaint, as amended on June 11, 2026 (with supporting brief) ("Government's Motion to Strike") [Docs. 49, 52, 53];

- Defendant AES's Motion to Strike Debtor's Amended Complaint, filed June 17, 2026 (with supporting brief) ("AES's Motion to Strike") [Docs. 54, 55];

- Plaintiff's Response and Memorandum in Opposition to Defendants' Motion to Strike the First Amended Complaint, filed June 30, 2026 [Doc. 56];

- Plaintiff's Response and Memorandum in Opposition to Defendant's, American Education Services, Motion to Strike the First Amended Complaint, filed June 30, 2026 [Doc. 57];

- Defendant AES's Reply in Further Support of its Motion to Strike Debtor's First Amended Complaint, filed July 6, 2026 [Doc. 58]; and

---

[1] Namely, the United States filed a Motion to Dismiss and Motion for More Definite Statement ("Government's Dismissal Motion") [Doc. 5], and Educational Credit Management Corporation ("ECMC") filed a Motion to Intervene, to Dismiss American Education Services, and for More Definite Statement [Doc. 12], which was amended [Doc. 23]. Also, Plaintiff filed a Revised Corrected Motion for Leave to Conduct Limited Jurisdictional Discovery. [Doc. 37.] The Government's Dismissal Motion was granted in part and denied in part by the Memorandum and Order entered August 17, 2026 [Doc. 78]. The other two motions also will be adjudicated separately.

[2] Plaintiff also filed a Motion for Leave to File Surreply ("Surreply Motion") on July 17, 2026 [Doc. 61], in connection with the motions to strike. In response, Defendant AES's Opposition to Plaintiff's Motion for Leave to File Sur-Reply was filed on July 20, 2026 [Doc. 62]. Plaintiff, however, filed a Motion to Withdraw Motion for Leave to File Surreply ("Withdrawal Motion") on August 13, 2026 [Doc. 65]. A motion was unnecessary to effect withdrawal of the Surreply Motion, and Plaintiff failed to submit a proposed order with the Withdrawal Motion. Thus, the Court will treat the Withdrawal Motion as a notice and deem the Surreply Motion withdrawn. The Clerk shall correct the docket text of the Withdrawal Motion to reflect that it is a notice of withdrawal of document number 61.

[3] AES is the Pennsylvania Higher Education Assistance Agency, Inc. d/b/a American Education Services. [Doc. 41 at 1.]

[4] The Amended Complaint expands the initial Complaint from 325 paragraphs over seventy-three pages to 371 paragraphs over eighty-one pages and adds Ascendium Education Services ("Ascendium") as a party defendant.

- Plaintiff's Request for Entry of Default by the Clerk Against Defendant, Ascendium Education Services, filed July 22, 2026 [Doc. 63].

## I. ANALYSIS

In the Government's Motion to Strike and AES's Motion to Strike (collectively, "Motions to Strike"), the United States and AES argue that because Plaintiff filed the Amended Complaint fifty-six days after the Government's Dismissal Motion was filed on April 13, the Amended Complaint was filed beyond the time authorized by Federal Rule of Civil Procedure 15(a)(1)(B).[5] Thus, the United States and AES argue that the Amended Complaint should be stricken because Plaintiff did not obtain consent from Defendants or seek leave of the Court to amend as required by Rule 15(a)(2).

In response, Plaintiff argues that the Amended Complaint was filed to address the AES Dismissal Motion and to add Ascendium as a party-defendant, but because it included no substantive amendments as to the allegations concerning the Small Business Administration ("SBA") and Department of Education ("DOE"), the Amended Complaint was timely filed under Rule 15(a)(1) such that "[s]triking the Amended Complaint on this hyper-technical ground would elevate form over substance and serve no legitimate purpose." [Doc. 56 at 7.] Plaintiff also argues that motions to strike under Federal Rule of Civil Procedure 12(f) "are disfavored and should be granted only when the matter is redundant, immaterial, impertinent, or scandalous." [Doc. 56 at 9 (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819 (6th Cir. 1953)).][6] Finally, Plaintiff requests that, if leave of the Court was required, he should be

---

[5] Rule 15 applies to this adversary proceeding under Federal Rule of Bankruptcy Procedure 7015.

[6] Rule 12(f), which applies to adversary proceedings under Federal Rule of Bankruptcy Procedure 7012, authorizes a court to strike redundant, immaterial, impertinent, or scandalous material from a pleading. Because neither the United States nor AES has asked the Court to strike any *material* from the Amended Complaint under Rule 12(f), Plaintiff's references thereto are misplaced. The Court's striking of an improperly filed amended complaint in no way implicates the provisions of Rule 12(f).

granted leave *nunc pro tunc* to the date the Amended Complaint was filed.[7]

Rule 15(a) provides, in relevant part:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

In a decision finding that the plaintiff no longer had a right to file an amended complaint as a matter of course because she did not file her amended complaint until eleven days after the time ran under Rule 15(a) as measured by the date of the first-filed responsive pleading, the United States District Court for the Northern District of Ohio explained the Rule:

> Rule 15(a)'s plain text establishes that as soon as any responsive pleading or motion to dismiss is filed, the time to amend a complaint as a matter of course begins to run. Rule 15(a) does not distinguish between responsive pleadings (*e.g.*, answers) and Rule 12 motions to dismiss. It states, without conditions, that the 21-day period to amend as a matter of course begins after a service of a "responsive pleading" or a "motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15(a)(1)(B). The Rule also

[7] Notwithstanding that requesting such a ruling in response to a motion is not the proper vehicle for seeking relief from the Court, *nunc pro tunc* relief would be impermissible under the circumstances of this adversary proceeding. As held by the Supreme Court, although "federal courts may issue *nunc pro tunc* orders, or 'now for then' orders, to 'reflect the reality' of what has already occurred, such a decree presupposes a decree allowed, or ordered, but not entered, through inadvertence of the court. *Nunc pro tunc* orders are not some Orwellian vehicle for revisionist history – creating 'facts' that never occurred in fact. Put plainly, the court cannot make the record what it is not." *Roman Cath. Archdiocese of San Juan, P.R. v. Acevedo Feliciano*, 589 U.S. 57, 65 (2020) (citation modified). Additionally, although leave to amend is freely given under Rule 15(a)(2) and Plaintiff is excused from the requirement to file a brief in support of a motion to amend by E.D. Tenn. LBR 7007-1(b), any such motion still requires a 21-day response time under LBR 7007-1(a) and (d), and any defendant may so respond in opposition. *See Rittenberry v. Citizens Tri-Cnty Bank*, 423 F. Supp. 3d 509, 520 (E.D. Tenn. 2019) (reciting grounds for denying a motion for leave to amend under Rule 15(a)(2) as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment" (quoting *Foman v. Davis*, 371 U.S. 178 182 (1962))).

> explicitly contemplates circumstances where defendants have filed multiple responses to a single complaint, with the Rule stating that the 21-day period begins to run from the date of the earliest responsive document (whether an answer or motion to dismiss). *See* Fed. R. Civ. P. 15(a)(1)(B).
>
> The advisory committee notes also support this reading of the text. Rule 15(a) was amended in 2009, with the Advisory Committee Notes stating:
>
> > The distinction drawn in former Rule 15(a) is changed in two ways. First, the right to amend once as a matter of course terminates 21 days after service of a motion under Rule 12(b), (e), or (f). . . .
> >
> > Second, the right to amend once as a matter of course is no longer terminated by service of a responsive pleading. . . . Just as amendment was permitted by former Rule 15(a) in response to a motion, so the amended rule permits one amendment as a matter of course in response to a responsive pleading. The right is subject to the same 21-day limit as the right to amend in response to a motion.
>
> Fed. R. Civ. P. 15(a) advisory committee's note to 2009 amendment. The Advisory Committee further noted: "[t]he 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period." *Id.* "Taken together, these changes mean that a *plaintiff's 21-day clock to amend without leave of court applies to the case as a whole, not to individual defendants, and it begins to run with the first responsive pleading or Rule 12 motion filed in the case*." *Doe v. Gupta*, No. 3:22-cv-1122, 2023 WL 6290625, at *2 (N.D. Ohio Sep. 27, 2023) (collecting cases); *see also Evans v. City of Ann Arbor*, No. 21-10575, 2021 WL 2949502, at *3 (E.D. Mich. July 14, 2021) (noting that "several district courts in the Sixth Circuit have come to the same conclusion").

*Darwish v. Cuyahoga Cnty.*, No. 1:25-CV-1749, 2025 WL 2778105, at *1–2 (N.D. Ohio Sept. 30, 2025) (alteration in original) (emphasis added); *see also DPH Mech. Contractors, Inc. v. Berkley S.E. Ins. Grp.*, No. 2:24-cv-02537-SHL-tmp, 2025 WL 44148, at *1-2 (W.D. Tenn. Jan. 7, 2025) (agreeing that it is impractical to allow later-filed dismissal motions to trigger a new "amendment-as-of-right deadline" and striking a late-filed amended complaint); *McBride v. Performance Food Grp., Inc.*, No. 21-12424, 2022 WL 2328665, at *3 (E.D. Mich. June 28, 2022) ("Even in cases like Plaintiff's where there are multiple defendants filing different

responsive pleadings, the right to amend as a matter of course is triggered only after the first responsive pleading is filed."); *Jones v. Pro. Acct. Servs., Inc.*, No. 2:16-cv-00013-JRG, 2016 WL 6242927, at *1 (E.D. Tenn. Oct. 6, 2016) (agreeing with the proposition that the Advisory Committee Notes make clear that the 21-day period is "not cumulative"); *NECA-IBEW Pension Fund ex rel. Cincinnati Bell, Inc. v. Cox*, No. 1:11-cv-451, 2011 WL 6751459, at *2 (S.D. Ohio Dec. 22, 2011) ("[U]nder the plain language of the [Advisory Committee] Notes, Plaintiff is not entitled to a new 21 day period.").

This Court agrees with the above authorities. This interpretation follows the directions provided by the Advisory Committee Notes and, more importantly, better serves the purpose of Rule 15, which expressly provides that a party may amend its pleading after the 21-day period stated in Rule 15(a)(1) either with the written consent from the opposing party or with leave of the court, which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). As illustrated by the numerous cases cited above, this interpretation of Rule 15(a) does not, as Plaintiff argues, "elevate form over substance and serve no legitimate purpose" [Doc. 56 at 7]. The Federal Rules of Civil Procedure "have the same force of law that any statute does." *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 841 (6th Cir. 2020). "Promulgated pursuant to the Rules Enabling Act, 28 U.S.C. § 2072, those Rules are binding upon court and parties alike, with fully the force of law." *Id.* at 844.

Accordingly, because the Amended Complaint was filed fifty-six days after the Government's Dismissal Motion was filed, the Amended Complaint was untimely under Rule 15(a)(1)(A).

## II. ORDER

Based on the foregoing, the Court directs the following:

1. The Amended Complaint filed on June 8, 2026 [Doc. 47], was untimely under Rule 15(a)(1)(A) and, therefore, is STRICKEN.

2. Within thirty days from entry of this Memorandum and Order, Plaintiff may file a motion seeking leave from the Court to amend his Complaint that fully complies with the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court.[8]

3. The AES Dismissal Motion [Doc. 41] is stayed to allow Plaintiff an opportunity to seek leave to amend his Complaint, after which AES may supplement its dismissal motion within twenty-one days of any order that authorizes the filing of an amended complaint. If Plaintiff does not seek leave to amend, or if such request is denied, the Court will adjudicate the AES Dismissal Motion without further briefing.

4. Because the Amended Complaint is stricken, Plaintiff's Request for Entry of Default by the Clerk Against Defendant Ascendium Education Services, filed on July 22, 2026 [Doc. 63], is DENIED.

###

[8] Any such amended complaint may not include claims against the Small Business Administration because those claims were dismissed with prejudice on August 17, 2026 [Doc. 78].