**SO ORDERED.**
**SIGNED this 2nd day of September, 2026**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

**Suzanne H. Bauknight**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

---

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE**
**EASTERN DISTRICT OF TENNESSEE**

In re

ANTHONY STUART HEARN

Debtor

Case No. 3:25-bk-32231-SHB
Chapter 7

ANTHONY S. HEARN

Plaintiff

v.

Adv. Proc. No. 3:26-ap-03011-SHB

UNITED STATES DEPARTMENT OF EDUCATION, a subdivision of the United States of America, NELNET SERVICING, LLC, an official Student Loan Servicer of the US DOE; AMERICAN EDUCATION SERVICES, an official Student Loan Servicer of US DOE; and the UNITED STATES SMALL BUSINESS ADMINISTRATION

Defendants

**MEMORANDUM AND ORDER ON MOTIONS TO INTERVENE AND FOR LEAVE TO CONDUCT LIMITED DISCOVERY**

Plaintiff, *pro se*, filed Debtor's Complaint Seeking Discharge of Student Loans ("Complaint") on March 23, 2026 [Doc. 1], requesting, as it relates herein, a declaratory

judgment that his student loans are dischargeable under 11 U.S.C. § 523(a)(8). On April 23, 2026, Educational Credit Management Corporation ("ECMC") filed a Motion to Intervene, to Dismiss American Education Services, and for More Definite Statement with a supporting brief [Docs. 12, 13], both of which were amended on April 30, 2026 [Docs. 23, 24] (collectively, "ECMC Motion"). ECMC asks the Court for leave to intervene as the proper party in interest in place of American Education Services ("AES"), to dismiss AES from the adversary proceeding, and to require Plaintiff to amend his Complaint to contain allegations solely related to his student loan obligations.

On May 6, 2026, Plaintiff filed a Motion for Leave to Conduct Limited Jurisdictional Discovery, together with a brief [Docs. 31, 32], both of which were amended on May 11, 2026 [Docs. 37, 38] (collectively, "Discovery Motion"). Through the Discovery Motion, Plaintiff asks the Court for a twenty-day discovery period to determine, *inter alia*, ownership of his student loans. Plaintiff also filed an Objection to ECMC's Motion on May 14, 2026 [Doc. 39], arguing that the ECMC Motion improperly seeks to dismiss AES and that his Discovery Motion should be granted to allow discovery to ascertain ECMC's standing to intervene and AES's role in administering his student loans. ECMC and AES each filed responses in opposition to the Discovery Motion on June 1, 2026 [Docs. 45, 46], arguing that allowing the requested discovery would be a waste of resources because they have provided Plaintiff with documentation evidencing that ECMC has been assigned Plaintiff's loans and confirming that AES no longer holds any interest in the loans.

For the reasons stated herein, the Discovery Motion will be denied, and the ECMC Motion will be (1) granted to the extent ECMC seeks to intervene as a party, (2) denied to the extent ECMC requests a more definite statement, and (3) held in abeyance to the extent ECMC seeks dismissal of AES.

## I. ANALYSIS

### A. Intervention Under Federal Rule of Civil Procedure 24[1] and Request to Conduct Limited Jurisdictional Discovery

Rule 24 provides that a party may intervene as a matter of right in a lawsuit if the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The party seeking to intervene satisfies the requirements of Rule 24(a)(2) by establishing each of the following: "(1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent the proposed intervenor's interest." *United States v. Jankowski*, No. 25-1920, 2026 WL 2047045, at *2 (6th Cir. July 15, 2026) (quoting *Kirsch v. Dean*, 733 F. App'x 268, 274 (6th Cir. 2018); *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011)).

Here, ECMC satisfies the requirements of Rule 24. Unquestionably, the ECMC Motion, which was filed only one month after the Complaint, was timely. Further, ECMC is a proper party-defendant with respect to Plaintiff's federally guaranteed Subsidized Federal Family Education Loans, because it is the assignee of all right, title, and interest in two of Plaintiff's loans (totaling $8,591.00 in the principal balance) from Ascendium Education Group ("Ascendium"), which is a guaranty agent for the federally guaranteed loans, with whom AES – the servicer of the loan – appropriately filed a claim as required by the federal regulations. [Docs. 24 at ¶¶ 2-6; 38 at 9-10 (Mem. in Supp. of Disc. Mot., Ex. A); 45 at 1-2; 46 at 4.] *See also* 34

[1] Rule 24 applies in adversary proceedings under Federal Rule of Bankruptcy Procedure 7024.

C.F.R. § 682.402(f)(5)(i)(C) ("The lender shall file a bankruptcy claim on the loan with the guaranty agency in accordance with . . . this section, if . . . [t]he borrower has begun an action to have the loan obligation determined to be dischargeable on grounds of undue hardship."); 34 C.F.R. § 682.402(h)(1)(ii) ("[I]n the case of a bankruptcy claim, the guaranty agency shall, upon receipt of the claim from the lender, immediately take those actions required under paragraph (i) of this section to oppose the discharge of the loan by the bankruptcy court."); 34 C.F.R. § 682.402(i)(1)(iv) ("The guaranty agency must use diligence and may assert any defense consistent with its status under applicable law to avoid discharge of the loan.").

In his objection to ECMC's request to intervene, Plaintiff states that it was filed "in an abundance of caution" and that his Discovery Motion "tolls the running of deadlines" on motions filed by AES and ECMC. [Doc. 39 at 1.] In his Discovery Motion, Plaintiff argues that discovery is required before ECMC can be allowed to intervene so that he can confirm ECMC's standing. Specifically, Plaintiff argues that "the parties must determine the owner of the loans serviced by AES before this Court enjoys jurisdiction to enter any declaration." [Doc. 38 at 6.] In support of his argument that courts "enjoy[] broad discretion to grant discovery into Article III standing and [their] jurisdiction over a proposed intervenor," [*id.* at 5], Plaintiff cites to *Anwar v. Dow Chemical Co*., 876 F.3d 841, 854 (6th Cir. 2017), and "*Hohman v. United States*, 2018 WL 3239725, at *10-11 (6th Cir. July 5, 2018)".[2] [*Id.*]

Unquestionably, *Anwar* confirms that "a plaintiff should have access to information necessary to establish [his] claim, but . . . a plaintiff may not be permitted to 'go fishing'; the

---

[2] Plaintiff's citation to *Hohman v. United States*, 2018 WL 3239725, at *10-11 (6th Cir. July 5, 2018), is erroneous. That citation is *In re T.G*., No. 1939, 2018 WL 3239725 (Md. Ct. Spec. App. July 2, 2018). The Sixth Circuit's opinion that was issued on July 5, 2018, is *Hohman v. Eadie*, 894 F.3d 776, 787 (6th Cir. 2018), through which the court held that the district court did not abuse its discretion when it allowed the plaintiff to take limited discovery to address jurisdictional issues concerning claims of sovereign immunity, ownership of bank accounts subject to a John Doe Summons, and whether the Internal Revenue Service obtained documentation under a second John Doe Summons for bank records in a claim against the government for violation of the Right to Financial Privacy Act.

trial court retains discretion." 876 F.3d at 854 (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc*., 474 F.3d 288, 305 (6th Cir. 2007)). Here, however, the Court disagrees with Plaintiff's argument that discovery is required for him to ascertain whether ECMC has standing to intervene [*see* Doc. 39], based in large part on Exhibit A attached to his own brief in support of the Discovery Motion, which expressly shows that Ascendium assigned "its rights, title, and interest in those student loans in the enclosure to this letter" to ECMC, including loans of Anthony S. Hearn incurred on November 14, 2005. [Doc. 38 at 9, 10.]

On the other hand, the Court agrees with Plaintiff that ECMC's request that AES be dismissed from the Complaint is premature without additional proof or documentation to support that it no longer holds any interest in Plaintiff's student loan obligations. That said, the Court declines to open discovery at this point of the adversary proceeding, and Plaintiff's Discovery Motion will be denied. As provided in the Memorandum and Order entered on August 18, 2026, striking Debtor's First Amended Complaint [Doc. 81 at 7], ECMC's Motion will be stayed to the extent it seeks to dismiss AES as a defendant to allow Plaintiff the opportunity to seek leave from the Court to amend his Complaint.

**B. Motion for More Definite Statement**

The ECMC Motion also asks the Court to require Plaintiff to file a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), and "echoes and incorporates the argument of the United States of America, on behalf of the United States Department of Education, as to a more definite statement." [Doc. 24 at 3.] In the Memorandum and Order on Motion to Dismiss and Motion for More Definite Statement Filed by the United States entered on August 17, 2026 [Doc. 78], the Court denied the motion filed by the United States on April 13, 2026. For the same reasons, which the Court incorporates herein by reference [*see* Doc. 78 at 6-10], the request by ECMC for a more definite statement also will be denied.

## II. ORDER

Based on the foregoing, the Court directs the following:

1. To the extent it requests to intervene as a party-defendant in this adversary proceeding, the Amended Motion to Intervene, to Dismiss American Education Services, and for More Definite Statement filed by ECMC on April 30, 2026 [Doc. 23], is GRANTED.

2. To the extent it seeks a more definite statement, the Amended Motion to Intervene, to Dismiss American Education Services, and for More Definite Statement filed by ECMC on April 30, 2026 [Doc. 23], is DENIED.

3. To the extent it seeks dismissal of AES as a defendant, the Amended Motion to Intervene, to Dismiss American Education Services, and for More Definite Statement filed by ECMC on April 30, 2026 [Doc. 23], is STAYED to allow Plaintiff an opportunity to seek leave to amend his Complaint, after which ECMC may supplement its motion within twenty-one days of any order that authorizes the filing of an amended complaint. If Plaintiff does not seek leave to amend, or if such request is denied, the Court will adjudicate the dismissal aspect of the ECMC Motion without further briefing.

4. Debtor/Plaintiff's Revised Corrected Motion for Leave to Conduct Limited Jurisdictional Discovery filed on May 11, 2026 [Doc. 37], is DENIED.

###